Succession of Cousley.

## No. 9827.

• SUCCESSION OF JAMES COUSLEY.—OPPOSITION TO ACCOUNT OF AD-
MINISTRATRIX.

Where the proceeds of a sale of succession property exceed $2000 and the surviving widow
claims $1000 out of this fund on account of the privilege in favor of a widow in necessi-
tous circumstances, which claim is contested by mortgage creditors, this Court has
jurisdiction.

Where the surviving widow assumes the payment of all the debts owing by the deceased
and takes possession of all the property left by him, and continues a mercantile busi-
ness, in which the deceased was engaged, in the same manner as when conducted by
him, and applies the proceeds of all sales to the payment of the ordinary debts, suffi-
cient to satisfy her privilege, she cannot afterward demand that a mortgage creditor
holding in his hands the proceeds of the sale of the mortgaged property, should contri-
bute from that fund enough to satisfy her privilege.

APPEAL from the Civil District Court for the Parish of Orleans.
Monroe, J.

Wynne Rogers and H. P. Dart for the Administratrix, Appellant.

T. Gilmore & Sons for Opponents and Appellees.

The opinion of the Court was delivered by

TODD, J. There is a suggestion in the counsel's brief that this Court
has no jurisdiction of the cause.

The controversy relates to the distribution of the proceeds of suc-
cession property exceeding in amount $2000. This gives us jurisdic-
tion. Renshaw vs. Stafford, 34 Ann. 1138.

Upon the death of James Cousley, who died intestate and without
issue, his surviving widow retained possession of his property, which
consisted of a lot in this city with a building thereon, which served as
the residence of the deceased, and attached thereto was a storehouse,
containing a small stock of groceries, and in which the deceased for
many years had conducted his business as a grocer.

With the consent of the creditors, the widow continued the busi-
ness. She disposed of the stock on hand in the usual course of trade,
and from time to time replenished the same with her own means and
credit.

She took this step at first without taking out any proceedings look-
ing to an administration of the succession, though an inventory of the
effects left by the deceased had been taken at the instance of the prin-
cipal creditor the day after his death. Some few weeks thereafter,
however, the widow, after advising with counsel, applied to be ap-
pointed administratrix, and caused a regular inventory to be made.

She was appointed administratrix, but continued to conduct the business in the same manner as before, and without filing any tableau or procuring an order therefor, proceeded to apply the money realized to the payment, first, of the ordinary debts of the succession, and then to the interest of the mortgage debt in favor of Smith Bros. & Co., opponents.

In this way, after the lapse of three or more years, she succeeded in discharging all the ordinary debts of the succession, and also the interest accruing on the mortgage claim.

She caused the real property, which was all subject to the mortgage of the opponents, to be sold at probate sale, and it was adjudicated to the mortgagees for $3000—less than the amount of their debt.

The amount of the adjudication was retained by them.

Finally the administratrix, probably, abandoning all hope of paying the debts in the manner she was proceeding, filed an account of her administration.

In this account she charged herself with the amounts she received from the sales of the movable property, and credited herself with the amount of the debts paid. She also claimed the $1000 privilege as a widow in necessitous circumstances, and demanded that Smith Bros. & Co., the mortgage creditors, should contribute to the payment of this and other privileges out of the proceeds of the sale of the mortgage property, which, as stated, had been retained by them. The account was opposed by Smith Bros. & Co., and their opposition was maintained and judgment rendered disallowing the widow's claim and rejecting the entire account, and it is from this judgment that the present appeal was taken.

We think the judgment was correct.

The sole dispute to be settled is between the widow, asserting her privilege for $1000, and the mortgage creditor on her demand to have her privilege made up out of the proceeds of the sale of the mortgage property.

There is no doubt that the succession was insolvent and that the widow was left in necessitous circumstances, and had she proceeded promptly to administer the succession, and subjected it to a regular administration, and out of the proceeds of the property sold she had claimed the privilege in question, it would have been awarded her.

Considering, however, that she accepted the community, by taking possession of all its effects and continuing the business in which the deceased had been engaged, in her own personal right, and after assuming to pay the debts, and after applying the proceeds of the sale of

the stock of goods and all the personal property to the payment of the ordinary claims, which funds should have been applied to the payment of the privileges, and among the first to her own, and after occupying for more than three years the dwelling and storehouse belonging to the succession, without paying or accounting for the rents, she cannot now be heard in her demand upon the mortgage creditors to yield up to her enough of the proceeds of the mortgaged property in their hands to pay her claim, when she has possessed the means, and could, by the proper application or imputation of those means, have satisfied her privilege without touching on the rights of these creditors.

Judgment affirmed.